# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br> vs.<br><br>SIDNEY MONDSCHEIN,<br><br>   Defendant,<br><br> and<br><br>UNCI, Inc.,<br><br>   Relief Defendant. | Case No.  C-07-06178 SI<br><br>**FINAL JUDGMENT** |

## **FINAL JUDGMENT OF SIDNEY MONDSCHEIN**

The Securities and Exchange Commission having filed a Complaint and Defendant Sidney Mondschein having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or

of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Rule 4(a) of Regulation S-P [17 C.F.R. § 248.4(a)], which requires a broker-dealer to provide "a clear and conspicuous notice that accurately reflects the [broker-dealer's] privacy policies and practices" to both its "customers" and "consumers."

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Rule 5(a) of Regulation S-P [17 C.F.R. § 248.5(a)], which requires a broker-dealer to provide "a clear and conspicuous notice to customers that accurately reflects the [broker-dealer's] privacy policies and practices not less than annually during the continuation of the customer relationship."

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

1  permanently restrained and enjoined from aiding and abetting any violation of Rule 10(a)(1) of
2  Regulation S-P [17 C.F.R. § 248.10(a)(1)], which prohibits a broker-dealer, directly or through any
3  affiliate, from disclosing "any nonpublic personal information about a consumer to a nonaffiliated
4  third party" unless the broker-dealer has provided the consumer with advance notice of the disclosure
5  as well as the opportunity to opt out of the disclosure, and the consumer has declined the opportunity
6  to opt out.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $53,067.83, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,681.68, and a civil penalty in the amount of $45,000.00 pursuant to Section 21(d)(3) of the Exchange Act.  Defendant shall satisfy this obligation by paying the full amount of the judgment pursuant to the terms of the payment schedule set forth in paragraph VI. below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Sidney Mondschein as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

Sidney Mondschein shall pay: (1) $51,374.76 within ten business days of the entry of this Final Judgment; (2) $8,542.46, within thirty days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $8,542.46 within sixty days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (4) $8,542.46 within ninety days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961; (5) $8,542.46 within one-hundred twenty days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (6)

1  $8,542.46 within one-hundred eighty days of entry of this Final Judgment pursuant to 28 U.S.C. §
2  1961; and (7) $8,542.46 within two-hundred forty days of entry of this Final Judgment plus post-
3  judgment interest pursuant to 28 U.S.C. § 1961.

4      If Sidney Mondschein fails to make any payment by the date agreed and/or in the amount
5  agreed according to the schedule set forth above, all outstanding payments under this Final Judgment,
6  including post-judgment interest, minus any payments made, shall become due and payable
7  immediately without further application to the Court.

8      VII.

9      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
10  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall
11  comply with all of the undertakings and agreements set forth therein.

12      VIII.

13      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
14  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

17  Dated: _____, _____

                                                                 _____
                                                                  UNITED STATES DISTRICT JUDGE